UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALFRED THOMAS, an individual,

    Plaintiff,

v.   Case No. 3:17-cv-465-J-39JRK

INTEGON PREFERRED INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Remand (Doc. 17; Motion), Plaintiff's Supplement to Plaintiff's Motion for Remand (Doc. 27), and Defendant's responses in oppositions (Docs. 18 and 31). On April 19, 2017, Defendant removed this case on the basis of diversity jurisdiction. (Doc. 1 ¶ 4; Notice of Removal). Federal district courts may exercise diversity jurisdiction over cases involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. See 28 U.S.C. §1332(a); Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1280 (11th Cir. 2001). "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010). "Removal statutes are narrowly construed; when the defendant and the plaintiff clash about jurisdiction, any uncertainties must be construed in favor of remand." Tynes v. Buccaneers Ltd. P'ship, 134 F. Supp. 3d 1351, 1355 (M.D. Fla. 2015) (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)).

At the time of this case's filing, it appears that Plaintiff was suing for $50,000.00 pursuant to an underinsured motorist policy. (Doc. 2 ¶¶ 5-6; Complaint).[1] Because Plaintiff's success in this case may entitle him to statutory attorney's fees, the Court may also consider those fees for purposes of determining the amount in controversy. See Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 (11th Cir. 2003) (attorneys' fees allowed by statute or contract are considered when determining the amount in controversy); Fla. Stat. § 624.155 (allowing for collection of attorneys' fees where an insured sues their insurer for failure to pay a claim in bad faith).

In its Notice of Removal, Defendant concedes that the amounts that are mentioned in the Complaint would not meet the amount necessary to establish diversity jurisdiction. Notice of Removal ¶ 11. However, Defendant goes on to note that success on Plaintiff's claim may entitle him to recovery statutory attorney fees. Id. Defendant argued that the attorneys' fees coupled with the $50,000.00 in damages would push the amount in controversy over $75,000.00. Id. Defendant maintains its position in light of

---

[1] The Complaint mentioned that Plaintiff filed a civil remedies notice, which placed Defendant "on notice of conduct the Plaintiff finds to be in bad faith." Complaint ¶ 7. However, as the Court previously noted, there is no clearly stated cause of action or numbered count within the Complaint setting forth the theory upon which Plaintiff prosecuted this action. See generally Complaint; see also (Doc. 21; September 19, 2017 Order ("The Complaint (Doc. 2) is seven paragraphs and not organized by counts or causes of action, which leaves the Court only to speculate what claim(s) are being asserted.")). Because Plaintiff could not have asserted a claim for a bad faith denial of insurance benefits at the time this suit was filed, the Court assumes that Plaintiff intended to assert a claim which, if successful, would be limited to recovering the policy limits of $50,000.00. See Lausell v. Geico Gen. Ins. Co., No. 616CV1887ORL41DCI, 2017 WL 3720890, at *2 (M.D. Fla. May 1, 2017) ("[A] cause of action in court for [bad faith] is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract."); see also (Doc. 20; Plaintiff's Response (agreeing that any claim of bad faith would not be ripe)). Nevertheless, the Court proceeds assuming that Plaintiff could recover attorneys' fees.

Plaintiff's Amended Complaint (Doc. 28), which alleges the amount in controversy is less than $75,000.00 and eliminates any reference to Defendant's purported bad faith. Plaintiff also filed an affidavit signed on July 11, 2017, which stated that the total amount in controversy, including attorney's fees and costs is $74,900.00. (Doc. 15.1). Defendant contends that Plaintiff's post removal amendment of the damages he sought does not defeat this Court's jurisdiction because the amount in controversy is determined at the time of removal. (Doc. 18 at 5).

The Court agrees with Defendant's position that the amount in controversy is evaluated at the time of removal. See Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294–95 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal."). The total amount Plaintiff sought to recover is not stated in the Complaint, and as such, the Court considers Plaintiff's claim for damages to be indeterminate. See McKinnon Motors, LLC, 329 F.3d at 808; see also Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) ("If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement.") (internal alterations and quotations omitted). Defendant provided no evidence as to the amount Plaintiff would seek in attorney's fees. Instead, Defendant merely concluded that amount Plaintiff sought would exceed the jurisdictional threshold. Defendant's conclusory statements are refuted by Plaintiff's uncontested affidavit that clarifies that the damages he seeks are below the jurisdictional threshold. (Doc. 15.1 at 2). See McKinnon Motors, LLC, 329 F.3d at 809 (finding that indeterminate and speculative assertions as to the amount to be placed in

controversy failed to establish that the amount in controversy exceeded the jurisdictional threshold). Accordingly, Defendant has failed to prove that the amount in controversy at the time of removal exceeded $75,000.00 and it is hereby

**ORDERED:**

1. Plaintiff's Motion for Remand (Doc. 17) is **GRANTED**.[2]

2. The Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court for the Fourth Judicial Circuit, in and for Duval County, Florida, and to transmit a certified copy of this Order to the clerk of that court. The Clerk of the Court shall then close this file and terminate any remaining motions and deadlines.

**DONE** and **ORDERED** in Jacksonville, Florida this 19th day of December, 2017.

BRIAN J. DAVIS
United States District Judge

mw
Copies furnished to:

Counsel of Record

---

[2] While 28 U.S.C. § 1447(c) allows the imposition of attorney's fees where a case is remanded to state court after removal, the Court finds the imposition of attorney's fees in this case to be inappropriate in light of the confusing manner in which the original Complaint was drafted. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (holding that an award of attorney's fees should be denied "when an objectively reasonable basis exists" for removal).